UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

        Plaintiff,

v.  **DECISION AND ORDER**
    04-CV-714S

GARY M. LONG,

        Defendant.

## I. INTRODUCTION

Presently before this Court is Plaintiff DirecTV's Motion for Default Judgment against Defendant Gary M. Long.[1] For the reasons discussed below, this Court will grant Plaintiff's Motion for Default Judgment, and award Plaintiff statutory damages in the amount of $1,000, and attorneys' fees and costs in the amount of $850, for a total judgment of $1,850.

## II. BACKGROUND

On September 8, 2004, Plaintiff filed its Complaint in this action alleging that Defendant purchased and used Pirate Access Devices that are designed to permit the viewing of Plaintiff's television programming without authorization by or payment to Plaintiff. Plaintiff alleges that by doing so, Defendant violated the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. Drawn from the Complaint, the factual allegations are as

---

[1] In support of its motion, Plaintiff filed the following submissions: Application for Default Judgment, the Affidavit of Paul I. Perlman, with attachments, and a memorandum of law. Defendant has not appeared in this action. This Court filed an Order on March 8, 2005, directing Defendant to appear on April 7, 2005, and show cause why default judgment should not be entered against him. He failed to appear as directed, and this Court took the matter under advisement at that time.

follows:     Plaintiff, a California corporation, is the nation's leading provider of direct broadcast satellite programming, delivering more than 225 television channels to more than ten million homes and businesses in the United States. Plaintiff offers its television programming to residential and business customers on a subscription and pay-per-view basis only. To prevent unauthorized receipt and viewing of its programming, Plaintiff electronically scrambles its satellite transmissions. Therefore, each authorized customer is required to maintain an account with Plaintiff and to obtain the proper system hardware to receive the satellite transmissions, including a DirecTV Access Card and a small satellite dish. Upon activation of the DirecTV Access Card, the customer is able to receive and view those channels to which the customer has subscribed or otherwise arranged to purchase (e.g., pay-per-view).

On or about May 22, 2003, Plaintiff obtained certain business records from Ken Compton and Charles Moscoe, the owners of an Internet website called SatSmart.tv. The records were obtained as a result of a lawsuit filed by Plaintiff against Compton, Moscoe and SatSmart. SatSmart advertised, sold and distributed electronic devices primarily designed for the surreptitious interception of satellite communications. The records obtained by Plaintiff included orders, invoices, electronic communications, shipping documentation, transactions records for on-line merchant transaction companies, product descriptions and customer lists related to the distribution of Pirate Access Devices.

Based on information discovered in these records, Plaintiff alleges that Defendant purchased one "T-911 Loader" printed circuit board from SatSmart on or about October 1, 2002. Defendant placed his orders using interstate or foreign wire facilities, and received his orders via the Postal Service or commercial mail carriers.

Defendant failed to Answer the Complaint or otherwise defend this action. Consequently, Plaintiff filed a Request for Clerk's Entry of Default on November 18, 2004. The Clerk of the Court granted Plaintiff's request and filed an Entry of Default against Defendant on November 22, 2004. Plaintiff filed the instant Motion for Default Judgment on February 23, 2005.

### III.  DISCUSSION

**A.   Default Judgment Standard**

Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); FED. R. CIV. P. 8(d). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. FED. R. CIV. P. 55(b)(2). "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1992)). A hearing is not required as long as the court ensures that there is a basis for the damages awarded.[2] See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

**B.    Statutory Violations: 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a)**

Plaintiff moves for default judgment on its first and third causes of action.

Forty-seven U.S.C. § 605(a) prohibits the unauthorized interception, receipt, publication or use of interstate or foreign wire or radio communications. It provides, in pertinent part, that:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any

---

[2] This Court notes that Plaintiff did not request a hearing or oral argument on its Motion for Default Judgment.

4

>interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).

Similarly, 18 U.S.C. § 2511(1)(a) imposes liability upon any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." This criminal statute is civilly enforced pursuant to the provisions of 18 U.S.C. § 2520(a), which creates a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [Chapter 119 of Title 18 of the United States Code]."

Here, by operation of default, Defendant is deemed to admit Plaintiff's allegations against him. Thus, this Court finds that Defendant purchased, received and used one "T-911" Loader, which is a Pirate Access Devices designed to permit viewing of Plaintiff's television programming without authorization or payment.

Further, drawing all reasonable inferences in Plaintiff's favor, this Court finds that by using this device, Defendant intentionally intercepted and used Plaintiff's electronic communications. Accordingly, this Court finds that Defendant violated 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a). This Court will therefore grant Plaintiff's Motion for Default Judgment on its first and third causes of action.

**C.    Damages**

    **1.    First Cause of Action:  47 U.S.C. § 605(a) Violation**

Plaintiff seeks recovery of only statutory damages on its first cause of action.[3] Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), a statutory award of "not less than $1,000 or more than $10,000" can be awarded for each violation of 47 U.S.C. § 605(a) "as the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II).  Thus, the exact dollar amount awarded within this range is committed to the court's discretion.

Upon these facts, this Court finds that the minimum statutory award of $1,000 against Defendant is appropriate.  This award is based on one violation of the statute. There is no indication that Defendant profited in any way from his misconduct beyond receiving Plaintiff's television programming free of charge.  Nor is there any evidence that Defendant induced or assisted others in committing similar unlawful activity. Plaintiff offers no justification for a higher award.  This Court further notes that its damage award is in line with other damage awards entered in cases presenting like circumstances.  See, e.g., DirecTV, Inc. v. Kaas, No. C03-4047-PAZ, 2003 WL 22965078 (N.D. Iowa Dec. 17, 2003) (awarding statutory minimum of $1,000 per violation); DirecTV, Inc. v. Albright, No. Civ. A. 03-4603, 2003 WL 22956416, at *3 (E.D.Pa. Dec. 9, 2003) (awarding $1,000 statutory damages and citing similar cases); Hamilton, 215 F.R.D. at 462 (awarding $1,000 per violation).

---

[3]Plaintiff has provided no information whatsoever pertaining to any actual damages.

In addition, this Court will award Plaintiff $850 in attorneys' fees and costs as requested, a sum that this Court finds reasonable.  See 47 U.S.C. § 605(e)(3)(B)(iii) (providing that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails"); see Kaas, 2003 WL 22965078 (awarding $850 in attorneys' fees and costs).

### 2. Third Cause of Action:  18 U.S.C. § 2511(1)(a) Violation

Plaintiff seeks statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B) on its third cause of action.  That section authorizes statutory damages to any person whose electronic communication is intercepted, disclosed or intentionally used in the amount of the greater of $100 a day for each day of violation or $10,000.  18 U.S.C. § 2520(c)(2)(B).  An award of statutory damages under this section is discretionary.  See Schmidt v. Devino, 206 F.Supp.2d 301, 306 (D.Conn. 2001) (citing cases); Romano v. Terdik, 939 F.Supp. 144, 146 (D.Conn. 1996).  However, the court's discretion extends only to granting damages as provided in the statute or not granting damages at all; the court has no discretion to award damages in an amount between the two statutory choices.  See Schmidt, 206 F.Supp.2d at 306; see also Kaas, 2003 WL 22965078 (citing cases); Goodspeed v. Harman, 39 F.Supp.2d 787, 791 (N.D. Tex. 1999).

Plaintiff has not provided any information regarding Defendant's violation of the statute on a daily basis.  Instead, Plaintiff requests an award of $10,000 per violation. This Court finds that on these facts, such an award is excessive.  See Kaas, 2003 WL 22965078 (finding $10,000 award excessive based on similar facts); cf. Reynolds v.

Spears, 93 F.3d 428, 435 (8th Cir. 1996) ("We think it logical that Congress chose to make the award of [statutory] damages discretionary, given the potential of the law to bring financial ruin to persons of modest means, even in cases of trivial transgressions."); but see DirecTV v. Braun, No. CIV 3:03CV937, 2004 WL 288805, at *2 (D.Conn. Feb. 9, 2004) (awarding $10,000 pursuant to 18 U.S.C. § 2520(c)(2)(B) based on Defendant's illegal interception of Plaintiff's broadcast signal).  Accordingly, this Court exercises its discretion to award no statutory damages on Plaintiff's third cause of action.

As noted, there is no evidence that Defendant significantly profited from his violation of the statute or induced or assisted others in engaging in similar misconduct.  Moreover, this Court is awarding Plaintiff damages on its first cause of action, an award that in this Court's view appropriately punishes Defendant for his illegal actions, adequately compensates Plaintiff for any damage it suffered, and sufficiently deters others from engaging in similar unlawful conduct.  See Albright, 2003 WL 22956416, at *3 (finding a statutory minimum award of $1,000 per violation sufficient to deter similar wrongdoing).

## IV. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's Motion for Default Judgment.  Plaintiff will be awarded statutory damages against Defendant in the amount of $1,000, and attorneys' fees and costs in the amount of $850, for a total judgment of $1,850.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No.

10) is GRANTED.

FURTHER, that Plaintiff is awarded a total of $1,850 in statutory damages and attorneys' fees and costs against Defendant Gary M. Long on its first cause of action.

FURTHER, that Plaintiff is awarded no statutory damages against Defendant Gary M. Long on its third cause of action.

FURTHER, that the Clerk of the Court is directed to send a copy of this Decision and Order to Defendant Gary M. Long at the following address:

> 6928 Rebecca Drive
> Niagara Falls, New York 14304

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   August 4, 2005
         Buffalo, New York

 /s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge